```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
MARTHA VELLONE o/b/o
KENNETH VELLONE, DEC'D,

      Plaintiff,

-against-

MARTIN O'MALLEY, Commissioner of Social
Security,

      Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/19/2024_
```

23 Civ. 1317 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, Martha Vellone, on behalf of her deceased ex-husband, Kenneth Vellone, challenges the final decision of the Commissioner of Social Security denying Vellone's application for Disability Insurance Benefits ("DIB"). Compl., ECF No. 1; *see* 42 U.S.C. § 405(g). On February 22, 2023, the Court referred the action to the Honorable Stewart D. Aaron. ECF No. 8. On May 10, 2023, Plaintiff moved for judgment on the pleadings. ECF No. 16.

  Before the Court is Judge Aaron's Report and Recommendation (the "R&R"), dated December 13, 2023, which recommends that the Court grant Plaintiff's motion in part and remand the action for further administrative proceedings. *See* R&R, ECF No. 23. Having reviewed the R&R, Plaintiff's objection, and the Commissioner's response, ECF Nos. 23–25, for the reasons stated below, the Court OVERRULES Plaintiff's objection and ADOPTS the R&R in its entirety.

## BACKGROUND[1]

Plaintiff alleges that Kenneth Vellone, who had previously worked as a jeweler, ceased working in 2015 due to severe back and leg pain caused by "degenerative disc disease ('DDD'), and multiple herniated discs." Pl. Obj. at 3, ECF No. 24.

"Vellone filed an application for DIB on December 8, 2017, with an alleged disability onset date of June 15, 2016." R&R at 1. "The Social Security Administration ('SSA') denied his application on April 6, 2018, and Vellone filed a request for a hearing before an Administrative Law Judge ('ALJ') on May 9, 2018." *Id*. Vellone passed away in January 2019, whereupon Plaintiff, his ex-wife, became a substitute party. *Id*. at 1–2. Following a hearing, in September 2019, ALJ John Carlton found Vellone not disabled and therefore ineligible for DIB. *Id.* at 2. In December 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's ruling the Commissioner's final decision. *Id.*

In 2021, Plaintiff appealed that decision and the parties cross-moved for judgment on the pleadings. *Id.* Judge Katherine H. Parker recommended that the action be remanded for further proceedings, finding that several of the ALJ's conclusions were not supported by substantial evidence and that the ALJ "failed to properly consider the relevant medical evidence of record in determining [Vellone's] residual functional capacity to perform work." *Vellone v. Saul*, No. 20 Civ. 261, 2021 WL 319354, at *1 (S.D.N.Y. Jan. 29, 2021). Judge Ronnie Abrams adopted Judge Parker's report and recommendation in full, remanding the matter and agreeing, *inter alia*, that the ALJ "improperly substituted his own opinion for that of a physician" and "committed legal error." *Vellone*, 2021 WL

---

[1] The Court presumes familiarity with the facts and procedural history as extensively recounted in the R&R and, therefore, does not detail them here. *See* R&R at 1–14.

2

2801138, at *2 (S.D.N.Y. July 6, 2021) (citation omitted).

On remand, the ALJ held a second administrative hearing and again found Vellone not disabled under the Social Security Act. R&R at 2, 13–14. This finding subsequently became the Commissioner's final decision. *See* Compl. ¶ 1. Plaintiff appealed the Commissioner's decision to this Court in February 2023 and moved for judgment on the pleadings.

The R&R finds that the ALJ "committed similar errors as in his prior analysis," again interpreting medical findings when an "ALJ is not equipped to" do so. R&R at 22. It concludes that the ALJ's determinations were "not supported by substantial evidence." *Id.* at 20, 23. However, the R&R also finds that the record does not contain "'persuasive proof' that Vellone was disabled as of [his alleged disability onset date] or that the Commissioner could not, on remand, develop or articulate further evidence supporting the ultimate conclusion that Vellone was not disabled during the relevant time period." *Id.* at 25. Accordingly, the R&R recommends that the Court grant Plaintiff's motion in part and remand the case for further proceedings, allowing the Commissioner to "employ a medical expert to review all of the medical evidence of record" and "generate evidence supporting a finding that [Vellone] was not disabled during the relevant time period." *Id.*

Plaintiff timely filed an objection. The Commissioner filed a response. Def. Resp., ECF No. 25.

## DISCUSSION

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error."

*Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II. <u>Plaintiff's Objection</u>

Plaintiff objects to Judge Aaron's recommendation that the matter be remanded for further administrative proceedings—and not solely for the calculation of benefits. Pl. Obj. at 2. Plaintiff argues that "[w]hen an ALJ relies on their 'own interpretation of the medical record' to reject the treating doctor's opinion, a remand for a calculation of benefits is required." *Id.* at 2 (citation omitted).

"[R]emand for determination of benefits is warranted 'when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.'" *Schmelzle v. Colvin*, No. 12 Civ. 1159, 2013 WL 3327975, at *9 (N.D.N.Y. July 2, 2013) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). "A record contains 'persuasive proof' of

4

disability when there is 'no apparent basis to conclude' that additional evidence 'might support the Commissioner's decision.'" *Jeffery Z. v. Kijakazi*, No. 21 Civ. 1458, 2023 WL 8115041, at *23 (D. Conn. Feb. 21, 2023) (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)).

Because Plaintiff's objection was presented to Judge Aaron in her initial papers, *see* Pl. Mem. at 25–26, ECF No. 17, the Court reviews the R&R on this point "strictly for clear error," *Harris*, 338 F. Supp. 3d at 174 (citation omitted), and finds none.

Even if this argument were presented here for the first time, the Court agrees with Judge Aaron's recommendation. Plaintiff relies on *Valentine v. Saul* in support of her objection. No. 18 Civ. 795, 2019 WL 4673444 (S.D.N.Y. Sept. 25, 2019). However, *Valentine* is distinguishable. In *Valentine*, the district court sustained a plaintiff's objection, remanding the case only for a calculation of benefits despite the magistrate judge's recommendation to remand for further proceedings. *Id.* Critically, the court in *Valentine* had the benefit of a full record. *Id.* at *6. "[H]ere, the record does not contain sufficient non-opinion evidence from which the ALJ could assess Vellone's [residual functional capacity], such as consultative examinations, state agency consultants, or other findings regarding functional limitations." R&R at 22.[2] The Court shares Plaintiff's frustration that this matter requires a second remand and that the ALJ failed to follow Judge Abrams's order or adequately discharge his duty to develop the record, *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004). That said, based on the current conflicting record, remand for calculation of benefits would be improper.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error

---

[2] Given this deficit, Judge Aaron "strongly suggests that the Commissioner seek out a medical expert to render a relevant opinion." *Id.* at 25. The Court agrees.

and finds none.

## CONCLUSION

For the foregoing reasons, Plaintiff's objection is OVERRULED and the R&R is ADOPTED in its entirety. This action shall be remanded for further administrative findings. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

SO ORDERED.

Dated: March 19, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge